# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNETTE DUNN,<br><br>    Plaintiff,<br><br>v.<br><br>NEW YORK OFFICE OF ATTORNEY GENERAL,<br><br>    Defendant. | Case No. 3:19-cv-00099-JPG-MAB |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Annette Dunn—a citizen of Illinois proceeding *pro se*—filed this lawsuit against the New York Office of the Attorney General. Dunn takes issue with New York's recently-minted Reproductive Health Act, claiming that it violates the Fourteenth Amendment to the United States Constitution, among other things. (ECF No. 2, pp. 4–5.) The Court, however, explained to Dunn the idea behind the doctrine of standing and ordered her to show cause why the Court should not dismiss this action for want of a case or controversy. (*See generally* ECF No. 4.)

Dunn has since responded. While she admits that she is not directly affected by the New York statute, she instead argues that the statute "might so adversely affect others that one might never know what was not done and created by the State of New York, regarding the inequity of life of viable fetuses and unborn children." This is not enough to establish standing. Article III of the Constitution only permits this Court to preside over justiciable "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. And in order for a plaintiff to have standing to bring a justiciable case or controversy, they must have a concrete and particularized injury that is fairly traceable to the challenged action of the defendant. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Here, Dunn does not have standing to proceed. Dunn is a citizen of Illinois, and although she makes clear that she takes serious issue with the New York statute in-question, there is nothing linking herself to that statute in any way. And to the extent that Dunn intends to invoke the doctrine of third-party standing, that attempt falls short. Third-party standing is limited to situations in which the plaintiff has a "close" relationship to the person who actually bears the brunt of the injury. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)). And here, Dunn has no such close relationship. Instead, she is a citizen of Illinois—completely outside the jurisdiction of New York—and although the Court recognizes her strong political and moral objections on this issue, that is not enough to create a "close" relationship for third-party standing purposes.

The Court therefore **DISMISSES** this case **WITH PREJUDICE** for want of a case or controversy and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: FEBRUARY 15, 2019**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**